UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANK GALASSO,<br><br>      Plaintiff,<br><br>   v.<br><br>CITIZENS BANK,<br><br>      Defendant. | Case No. |

**NOTICE OF REMOVAL BY DEFENDANT CITIZENS BANK, N.A.**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, defendant Citizens Bank, N.A. ("Citizens" and incorrectly named as "Citizens Bank") hereby removes the above-captioned action, *Frank Galasso v. Citizens Bank*, Westchester County Index No. 59322/2025 (the "State Court Action"), from the Supreme Court of the State of New York, County of Westchester (the "State Court") to the United States District Court for the Southern District of New York.

Plaintiff Frank Galasso ("Plaintiff") commenced the State Court Action by filing a Summons with Notice on March 17, 2025 against Citizens (the "Summons"). Citizens was served with the Summons with Notice on March 18, 2025.

Citizens denies any liability to Plaintiff, including in connection with the contemplated claim (for violation of the Fair Debt Credit Reporting Act, 15 U.S.C. § 1681s-2b ("FCRA")), and files this Notice of Removal to federal court without waiving any defenses, exceptions, or

arguments for motion practice and/or dismissal (whether under Rule 12 of the Federal Rules of Civil Procedure or otherwise) that may exist in its favor.[1]

## Procedural Background

1. On March 17, 2025, Plaintiff filed a Summons with Notice in the State Court Action. A true and correct copy of the Summons with Notice is annexed hereto as **Exhibit A**.

2. On March 18, 2025, Plaintiff served Citizens with a copy of the Summons with Notice in the State Court Action. A true and correct copy of the Affirmation of Service as filed in the State Court Action is attached hereto as **Exhibit B**. No other process, pleadings, or orders have been served upon Citizens in the State Court Action.

3. On April 7, 2025, Citizens' attorneys appeared in the State Court Action and demanded that Plaintiff serve a complaint. A true and correct copy of the Notice of Appearance and Demand for Complaint as filed in the State Court Action is attached hereto as **Exhibit C**. No other documents have been filed in the State Court Action.

## The Summons

4. Plaintiff alleges that Citizens violated the FCRA by (i) "failing, after receiving notice from consumer reporting agencies that Plaintiff had disputed information furnished by Citizens Bank, to conduct reasonable investigations of the disputed information" and (ii) "failing, after being unable to verify the disputed information, to modify, delete, or permanently block reporting of the disputed information." (Summons with Notice at 1-2.)

5. Plaintiff alleges that "[a]s a consequence of Citizens Bank's violations, Plaintiff has suffered pecuniary and non-pecuniary harm." (*Id.* at 2.)

---

[1] A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).

6. Plaintiff seeks damages for "economic and emotional harm" in an amount exceeding "$25,000" as well as $1,000 in statutory damages per violation, punitive damages, litigation costs and expenses, and attorneys' fees. (*Id.*)

7. Plaintiff seeks a total of $500,000 from Citizens, plus interest running from March 17, 2025. (*Id.*)

### Service on the State Court

8. As required by 28 U.S.C. § 1446(d), Citizens will promptly notify the Clerk of the Supreme Court of the State of New York, Westchester County of this Notice of Removal and serve a copy on all parties.[2]

### Venue

9. The State Court Action was filed in the Supreme Court of the State of New York, Westchester County. Venue properly lies at this time in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1441(a).

### Timeliness

10. According to an Affidavit of Service filed in the State Court Action, Citizens was served with process in the State Court Action on March 18, 2025. *See* Exhibit B.

11. 28 U.S.C. § 1446(b)(1) requires removal of an action to federal court within thirty days "after the receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based . . . ." This Notice of Removal is timely filed because thirty days have not lapsed since Citizens' receipt of Plaintiff's Summons. *See* 28 U.S.C. § 1446(b)(1).

---

[2] A copy of the Notice of Filing of Notice of Removal that will be filed with the State Court is annexed hereto as **Exhibit D**.

## **The Court has Federal Question Jurisdiction and Diversity Jurisdiction**

12. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which grants federal district courts original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

13. Plaintiff asserts a claim against Citizens for violations of the federal FCRA. (*See* Summons with Notice at 1-2.)

14. Citizens is therefore entitled to remove this action to this Court pursuant to 28 U.S.C. § 1331.

15. Additionally, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, which grants federal courts original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332(a)(2). Both requirements are satisfied here because the matter in controversy exceeds the sum of $75,000 and complete diversity of citizenship exists between Plaintiff and Citizens.

### *There is Diversity of Citizenship*

16. Plaintiff alleges he is a resident of "Westchester County at 37 Lakeside Drive, Larchmont, NY 10538." (Summons with Notice at 2.) Plaintiff is thus a citizen of New York.

17. Under 28 U.S.C. § 1348, "all national banking associations," such as Citizens, "shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." Further, "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt, et al.*, 546 U.S. 303, 307 (2006); *see Onewest Bank, N.A. v. Melina*, 827

F.3d 216, 216 (2d. Cir. 2016) ("for purposes of subject matter jurisdiction, a national bank is a citizen only of the state in which its main office is located").

18.  Citizens is, and was at the time the action was filed, a national banking association, organized under the laws of the United States, with its main office, as designated in its articles of association, in Providence, Rhode Island.  *See AC Ocean Walk, LLC v. Invs. Bancorp, Inc.*, No. 22-CV-6371, 2023 U.S. Dist. LEXIS 226460, at *3 (D.N.J. Dec. 20, 2023) ("[Citizens'] articles of association list its main office as being in Providence, Rhode Island. . . . [Citizens] is therefore a citizen of Rhode Island.")

19.  Because Plaintiff is a citizen of New York and Citizens is a citizen of Rhode Island, there is complete diversity of citizenship between the parties.  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (complete diversity exists when "the citizenship of each plaintiff is diverse from the citizenship of each defendant").

### *The Amount in Controversy Exceeds $75,000*

20.  Plaintiff's amount in controversy exceeds $75,000.  As discussed above, Plaintiff seeks $500,000 from Citizens, plus interest.  (*See* Summons with Notice at 2.)

### No Admission of Liability

21.  By this filing, Citizens does not admit any liability, does not concede the accuracy of Plaintiff's allegations or purported facts set forth in the Summons, does not contend that the Summons with Notice adequately pleads any cause of action, and does not concede that Plaintiff is entitled to any of the relief sought in the Summons with Notice or any relief of any kind.  Citizens reserves all rights in responding to the Summons.

**Conclusion**

22.     For the foregoing reasons, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.  Wherefore, the State Court Action is hereby removed to this Court from the Supreme Court of the State of New York, Westchester County.

Dated: April 17, 2025
New York, New York

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: _/s/ Leah N. Jacob_
Leah N. Jacob

One Vanderbilt Avenue
New York, New York 10017
Tel: (212) 801-9200
leah.jacob@gtlaw.com

*Counsel for Defendant
Citizens Bank, N.A.*